**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 20-CR-20267-GRAHAM/McALILEY

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

TAVALAS ARCURMS,

     Defendant.

_____/

## <u>**ORDER**</u>

**THIS CAUSE** came before the Court originally on Defendant's Motion to Suppress, pursuant to the Fourth Amendment to the United States Constitution, attacking the evidence seized from his residence as consequence of a State of Florida issued search warrant in case No. 20-cr-20267-Graham(ECF No. 29). The matter is now before the Court on the Magistrate Judge's Report and Recommendation (ECF No. 35), and Defendant's objections and the Government's Response to Defendant's objections to the Magistrate Judge's Report and Recommendation. (ECF Nos. 37, 39).

### I.    BACKGROUND

This matter arose from a search warrant executed on September 1, 2020 by the Miami-Dade police department. Officers searched Defendant's home and seized firearms, firearm paraphernalia, electronic devices, identity theft information, and fraud material. Consequently, Defendant was indicted on possession of access devices in violation of 18 U.S.C. 1029(a)(3),

aggravated identity theft in violation of 18 U.S.C. 1028A(a)(1), and possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. 922(g)(1). (ECF No. 23).

Defendant moves for an Order suppressing evidence seized from his residence because the supporting Affidavit lacked probable cause to believe that the property sought would be found there. (ECF No. 29). The Government filed its response in opposition to Defendant's Motion asserting that Defendant misapplied the probable cause standard and the applicability of the <u>Leon</u> Good Faith exception applied. (ECF No. 31). In reply to the Government's Response, Defendant opposed the <u>Leon</u> Good Faith exception by asserting the "bare bones" nature of the Affidavit (ECF No. 32).

This matter was referred to United States Magistrate Judge Chris McAliley, pursuant to 28 U.S.C. § 636 and the Local Magistrate Rules of the Southern District of Florida. (ECF No. 33). Magistrate Judge McAliley issued a Report recommending that Defendant's Motion to Suppress be denied. (ECF No. 35). Defendant filed timely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 37). Thereafter, the Government responded to Defendant's objections. (ECF No. 39). After consideration and for the reasons set forth below, this Court finds Defendant's objections unconvincing or lack merit and adopts the Magistrate Judge's recommendation in its entirety and as supplemented by this final Order.

## II.    DISCUSSION

On August 21, 2020, Miami-Dade Police Detective Yunieski Arriola (Detective Arriola) observed a video posted to Defendant's Instagram account depicting a "black male," known as Fabien Nathaniels (Nathaniels), holding a rifle in his right hand. Both, Defendant and Nathaniels, were on supervised release for possession of a firearm by a convicted felon. Ten days later, on August 31, 2020, Detective Arriola applied for and obtained a warrant to search Defendant's residence at 253 NW 52nd Street, Miami, Florida 33127. The Affidavit included  Detective

Arriola's years of experience and personal knowledge of the investigation, a succinct criminal history and electronic monitoring reports of Defendant and Nathaniels, two screenshots of the Instagram post, a proper description of the "premises," and the property sought evidencing felony violations.

The Fourth Amendment guarantees that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Probable cause as to a search warrant exist when "the totality of the circumstances" sets forth that 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" Illinois v. Gates, 462 U.S. 213, 238 (1983). The Supreme Court reiterated when a reviewing court determines the sufficiency of an affidavit, they must "pa[y] great deference" to the issuing magistrate's determination, and not conduct a de novo review. Id. at 236. Furthermore, the "task of the issuing magistrate is simply to make a . . . common-sense decision . . ." and the reviewing court "ensure[s] the magistrate had a 'substantial basis'" to conclude that probable cause existed by considering only the information brought to the issuing judge's attention. Id. at 238; United States v. Lockett, 674 F.2d 843, 845 (11th Cir.1982).

### a. Probable Cause

Defendant moves to suppress all evidence seized from his residence, arguing the supporting Affidavit lacked probable cause to issue a search warrant. However, the search warrant application, as noted in the Magistrate Judge's Report, "presented clear evidence that ten days prior," Defendant and Nathaniels were at the residence when a video—depicting a convicted felon holding a rifle—was posted to Defendant's Instagram account. The "Probable Cause" section of the Affidavit included Detective Arriola's years of experience and personal knowledge of the

investigation, the prior conviction records of Nathaniels and the Defendant, their electronic monitoring reports from August 21, 2020, and two screenshots of the Instagram post. Specifically, the affiant sought, in relevant part, any firearms, firearm paraphernalia, Defendant's cell phone "which may have been used for the creation of this video, " and the clothing and/or footwear worn by Nathaniels at the time the video was created.

Considering the affidavit presented to the issuing judge, Circuit Court Judge Christina DiRaimondo of the Eleventh Judicial Circuit of Florida, this Court finds that it did not lack probable cause, and thus, there was a "fair probability" that the property sought at Defendant's residence would be found there. Id. Specifically, the Court notes that because it is reasonable to conclude individuals keep items at their residence, the circuit court judge could form a reasonable belief that Defendant's cell phone—likely used to create the video—would be found at his home. Therefore, at a minimum, the Circuit Court Judge had a "substantial basis" to conclude with a "fair probability" that the cell phone evidencing a possible crime would be found at Defendant's residence. Gates, 462 U.S. at 238. This Court agrees with the Magistrate Judge's finding that "both Defendant's and Nathaniel's blatant, public display of firearms, following their history of unlawful possession and/or use of firearms . . ." was sufficient information to base a finding that probable cause existed to search for evidence of wrongdoing at Defendant's residence. (ECF No. 35). In particular, the firearm in the video and Defendant's cell phone, inter alia.

Next, Defendant contends that there was nothing to indicate Nathaniels lived with him or that weapons would be found at his residence to establish probable cause. (ECF No. 29). However, the electronic monitoring reports of Defendant and Nathaniels confirm they were at Defendant's residence when the video was posted on August 21, 2020. Although the residence may not have been Nathaniels' permanent residence, this Court finds that there was sufficient indicia to reasonably infer Nathaniels was present when the video was recorded. As the Magistrate Judge

properly noted, the Fourth Amendment's probable cause standard [does] not conclusively require proof that Nathaniels, the phone, or weapons remain at the residence ten days later. (ECF No. 35). Instead, this Court reviews "the totality of the circumstances" set forth in the Affidavit to conclude with a "fair probability" that some or all of the items being sought were present.

Since it can be reasonably inferred that Nathaniels resided at Defendant's residence when the crimes were committed, there was a "fair probability" that the firearm and phone would be found there. As stated by the Eleventh Circuit, convicted felons in possession of firearms "typically store these items on their property." United States v. Anton, 546 F.3d 1355, 1358 (11th Cir.2008). Thus, the Circuit Court Judge had a "substantial basis" to conclude probable cause existed to search Defendant's residence for evidence of the crime, i.e., the cellular phone and firearm.

Additionally, Defendant contends "at no time in the video was [he] in possession of the firearm. The video clearly and at all times depicted Mr. Nathaniels as possessing the firearm." (ECF No. 29). However, the evidence provided in the Affidavit supports a finding that Defendant constructively possessed the firearm at his residence. The Affidavit, in relevant part, sought "any and all firearms, ammunition, spent casings, projectiles, holsters, magazines and/or any other firearm paraphernalia which are deemed of evidentiary value." The Eleventh Circuit Court of Appeals notes in Perez that:

> Constructive possession of a firearm exists when a defendant does not have actual possession but instead knowingly has the power or right, and intention to exercise dominion and control over the firearm. See United States v. Gunn, 369 F.3d 1229, 1235 (11th Cir. 2004). A defendant's presence in the vicinity of a firearm or mere association with another who possesses that gun is insufficient; however, at the same time, "[t]he firearm need not be on or near the defendant's person in order to amount to knowing possession." United States v. Wright, 392 F.3d 1269, 1273 (11th Cir.2004)

United States v. Perez, 661 F.3d 568, 576 (11th Cir. 2011). The video posted to Defendant's Instagram account depicted Nathaniels in possession of a firearm, and the electronic monitoring

reports further confirmed that they were both at Defendant's residence on August 21, 2020. This information is sufficient to conclude with a "fair probability" that Defendant knew the firearm was at his residence. Gates, 462 U.S. at 238. Likewise, Defendant could have "knowingly had the power or right, and intention to exercise dominion and control over the firearm." Gunn, 369 F.3d at 1235. For these reasons, this Court finds that there was a "fair probability" that Defendant either constructively or jointly possessed the firearm on August 21, 2020, when Nathaniels appeared in the Instagram video holding a rifle at Defendant's residence.

Furthermore, it is undisputed that Defendant and Nathaniels were previously convicted for possession of a firearm by a convicted felon, and thus, it can be inferred that both were aware that any violation of their supervised release could warrant new prosecution. In "the totality of the circumstances," the Circuit Court Judge had a "substantial basis" to conclude that contraband, i.e. firearms, or evidence of a crime, i.e. Defendant's cell phone, would be found at Defendant's residence. Gates, 462 U.S. at 238. Therefore, this Court agrees with the Magistrate Judge's finding that probable cause existed as to Defendant.

Notably, the parties indicate that there was a second warrant issued resulting in the seizure of evidence indicating identity theft and fraud. There was no request for relief regarding the second warrant. Accordingly, the Court will not conduct a probable cause analysis of that warrant.

### b.  Staleness Issue

In Defendant's Reply and Objection (ECF No. 32, 37), he contends that probable cause could not exist because the information provided in the Affidavit was too stale to issue a search warrant. An affidavit must "show that probable cause exists when the warrant is issued." United States v. Bervaldi, 226 F.3d 1256, 1264 (11th Cir.2000); see Sgro v. United States, 287 U.S. 206, 211 (1932). To resolve a staleness challenge:

> [Courts] do not apply some talismanic rule which establishes arbitrary time limitations for presenting information to a magistrate, rather, we review each case based on the unique

facts presented. In this case-by-case determination we may consider the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched.

United States v. Harris, 20 F.3d 445, 450 (11th Cir.1994); see United States v. Bascaro, 742 F.2d

1335, 1345 (11th Cir.1984).

Here, the Court finds the warrant application filed ten days after observing the video did

not dissipate probable cause. See United States v. Piloto, 562 F. App'x 907, 913 (11th Cir. 2014);

United States v. Martinez, No. 13-20929-CR, 2014 WL 4209263, at *6 (S.D. Fla. Aug. 26,

2014); Bascaro, 742 F.2d at 1346. The unlawful possession of a firearm by a convicted felon is an

"on-going crime," and will remain relevant to support probable cause. Piloto, 562 F. App'x at 913;

see Bascaro, 742 F.2d at 1346. Having found "fair probability" that Defendant, a convicted felon,

constructively or jointly possessed a firearm, this suspected "on-going" crime avoids a staleness

issue and is consistent with the specific items sought—any firearms and Defendant's cell phone—

in the Affidavit. In addition, the electronic monitoring reports provided sufficient information that

Defendant resided at the residence. For these reasons, the Court finds the information provided in

the Affidavit was not stale, and the issuing judge had a "substantial basis" to issue the search

warrant because probable cause existed. Gates, 462 U.S. at 238.

### c. Good Faith Exception Rule

In response to Defendant's motion, the Government asserts that, if the Court does not find

probable cause for the search, the Good Faith Exception to the exclusionary rule applies. (ECF No.

31). However, Defendant contends that this exception is inapplicable because the "bare bones"

Affidavit lacked sufficient information to conclude the officers acted in good faith. (ECF No. 32).

This Court notes that the Fourth Amendment, otherwise known as the exclusionary rule, seeks to

"deter unlawful police misconduct          " United States v. Leon, 468 U.S. 897, 919-20 (1984). As

such, "inadmissible evidence obtained by police officers acting in reasonable reliance upon a

search warrant that is ultimately found to be unsupported by probable cause" will not be suppressed if the Leon Good Faith Exception applies. United States v. Martin, 297 F.3d 1308, 1312-13 (11th Cir. 2002). The Good Faith Exception applies in all instances except in the following situations:

> (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) "where the issuing magistrate wholly abandoned his judicial role . . . (3) where the affidavit supporting the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where, depending upon the circumstances of the particular case, a warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

Martin, 297 F.3d at 1313; (citing Leon, 468 U.S. at 922).

Here, the only situation remotely relevant to the present case is "(3) where the affidavit supporting the warrant is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" Id. This Court has found that  the  Circuit  Court Judge  had  a "substantial basis" to conclude with "fair probability" that the warrant was supported by probable cause to search Defendant's residence. Gates, 462 U.S. at 238. Because Defendant failed to carry his burden, to show that, "absent those misrepresentations or omissions, probable cause would have been lacking," his "bare bones" Affidavit characterization does not apply here. Kapordelis, 569 F.3d at 1291; See also United States v. Steiger, 318 F.3d 1039, 1045–46 (11th Cir. 2003).

Moreover, this Court finds no evidence that the officers, in the application and execution of the search warrant, engaged in any unreasonable law enforcement activity or acted in bad faith while objectively relying on the search warrant issued by an impartial magistrate. Leon, 468 U.S. at 919-22. Therefore, this Court agrees with the Government's assertion that the Leon Good Faith Exception to the exclusionary rule would be applicable to the present case in the event probable cause did not exist.

## III.   CONCLUSION

For the reasons stated above, the Court overrules Defendant's objections and adopts the Magistrate Judge's Report and Recommendation, denying Defendant's motion to suppress. Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge McAliley 's Report is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety. (ECF No. 35). It is further

**ODERED AND ADJUDGED** that Defendant's Objections are overruled. (ECF No. 37). It is further

**ODERED AND ADJUDGED** that Defendant's motion is **DENIED**. (ECF No. 29).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of July, 2021.

s/Donald L. Graham
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:    United States Magistrate Judge McAliley
       All Counsel of Record